UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LEROY JOHN,

        Plaintiff,

   -against-

NYPD,

        Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-3879 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On July 7, 2025, Plaintiff Leroy John ("Plaintiff") filed this *pro se* civil rights action against Defendant the New York City Police Department ("NYPD"). *See generally* Complaint for Violation of Civil Rights ("Compl." or "Complaint"), Dkt. 1. That same day, Plaintiff also moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot."), Dkt. 2.[1] For the reasons stated below, the Court dismisses Plaintiff's Complaint and grants his request to proceed *in forma pauperis* solely for the limited purpose of dismissing the Complaint.

## BACKGROUND

Plaintiff alleges that in the "summer of 2016" at the NYPD's 83rd Precinct in Brooklyn:

> [W]hile waiting for a police escort at the precin[c]t [I] was told to leave out[side] and wait where [I] have a[n] order [of] protection. I responded[,] ["I] don[']t think [I] should for my saf[e]ty.["] I [r]esponded again, [and] the police pointed a gun at my face, where my order [of] protection was located. [S]peaking in term[s] (for example) if a gun was pointed in your face would you feel safe[?] [W]ith that being said [I] was arrested in the precin[c]t and was now then facing a terrorist charge against the NYPD[.] I took the charge to trial and was found not guilty. Dis[]missed [i]ndictments.

Compl. at 2, 5.

---

[1] Plaintiff is currently incarcerated at Rikers Island. *See* IFP Mot. at 1.

Based on these allegations, Plaintiff asserts claims against the NYPD for violation of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"),[2] and 42 U.S.C. § 1983 ("Section 1983"). Under Section 1983, Plaintiff asserts that the NYPD violated his Eighth Amendment rights, was negligent, and intentionally inflicted emotional distress. Compl. at 4. Under *Bivens*, Plaintiff contends that the NYPD further violated his Sixth Amendment rights and that he experienced ineffective assistance of counsel. *Id.* Plaintiff requests damages in the amount of "40 Billion Because I am a Trademark or 100 million because of negligence of life or Whats required." *Id.* at 6.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

---

[2] In the "Basis for Jurisdiction" portion of Plaintiff's form Complaint, Plaintiff was asked whether he is bringing suit under Section 1983, *Bivens*, or both. Compl. at 4. In response, Plaintiff solely checked the box indicating *Bivens*. *Id.* However, below that question, Plaintiff completed additional questions pertaining to both Section 1983 and *Bivens*. *Id.* Construing Plaintiff's complaint liberally, this Court addresses both.

551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." (citations omitted)).

## DISCUSSION

### A. The NYPD Is Not a Proper Defendant.

As a threshold issue, Plaintiff may not sue the NYPD. The New York City Charter provides that "[a]ll actions or proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and *not in that of any agency*, except where otherwise provided by law." N.Y.C. Charter § 396 (emphasis added); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City." (citation omitted)); *Slade v. City of New York*, 24-cv-06711 (NCM) (JAM), 2024 WL 5057647, at *3 (E.D.N.Y. Dec. 10, 2024) ("Plaintiff sues the NYPD for allegedly violating his civil rights. However, the NYPD is not a suable entity."). Because the Complaint solely alleges violations caused by the NYPD, it must be dismissed on that basis alone.

### B. Plaintiff Fails to State a Claim Under *Bivens*.

Additionally, Plaintiff's Complaint must be dismissed because it does not state a plausible *Bivens* claim. "A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (footnote omitted) (citing *Bivens*, 403 U.S. at 389). *Bivens* claims arising in New York must be brought within three years. *See Tapia-Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999) (per curiam) (citing *Owens v. Okure*, 488 U.S. 235, 251 (1989)); *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987) (holding that New York's three-year statute of limitations applies to both Section 1983 and *Bivens* claims).

3

Plaintiff's *Bivens* claim fails for several reasons. First, the events giving rise to Plaintiff's suit took place during "[t]he summer of 2016," approximately nine years ago. Compl. at 5. Although the statute of limitations may be equitably tolled under some circumstances, such tolling is only warranted where a litigant demonstrates as a factual matter that "some extraordinary circumstance stood in [her] way" and "that [she] has been pursuing [her] rights diligently." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (alterations in original) (quoting *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)). Because Plaintiff has not asserted any allegations as to why his claim should be tolled, Plaintiff's *Bivens* claim is time-barred.

Second, *Bivens* solely applies to violations allegedly committed by federal, not state, officers. *See Bivens*, 403 U.S. at 389 (addressing "whether violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct"); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001) ("The purpose of *Bivens* is to deter individual *federal* officers from committing constitutional violations." (emphasis added)). In addition to naming solely the NYPD, which cannot be sued, Plaintiff's Complaint fails to put forward any allegations of violations committed by federal, rather than state, officers.

Finally, even if Plaintiff did allege action by federal officers, the Complaint still fails to state a *Bivens* claim because ineffective assistance of counsel claims are inherently at odds with *Bivens*. Defense counsel, even court-appointed defense counsel, do not act under color of federal law. *See, e.g.*, *Style v. McGuire*, 3:17-cv-00502(SRU), 2017 WL 3841647, at *3 (D. Conn. Sept. 1, 2017) (collecting cases and holding that an appointed federal public defender was not a "'person' acting under color of state or federal law for purposes of stating a claim under section 1983 or *Bivens*").

4

Here, Plaintiff solely states that he was "facing a terrorist charge against the NYPD" for which he was subsequently acquitted. Compl. at 5. This threadbare assertion does not to create a plausible claim of ineffective assistance of counsel. Nor does it, for that matter, plausibly allege a violation of any of the other, related trial rights contained within the Sixth Amendment. *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.").

### C. Plaintiff Fails to State a Claim Under Section 1983.

Lastly, Plaintiff's Complaint must be dismissed because it does not plead enough facts to plausibly allege a Section 1983 claim. In relevant part, Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). As with *Bivens*, Section 1983 claims arising in New York must be asserted within three years, *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004), but may be tolled in "rare and exceptional circumstances" where a party acted with "reasonable diligence throughout the period he sought to toll" and "was

5

prevented from timely performing a required act," *Jones v. City of New York*, 846 F. App'x 22, 24 (2d Cir. 2021) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)).

Plaintiff's Section 1983 claim fails for several reasons. First, the events allegedly happened approximately nine years ago, and Plaintiff has alleged no basis for equitable tolling. *See, e.g., Bailey v. Grant*, No. 24-CV-6044 (RER) (SJB), 2024 WL 4836340, at *1 (E.D.N.Y. Nov. 20, 2024) (dismissing a plaintiff's complaint as time-barred where he filed his Section 1983 claim beyond the three-year statute of limitations and failed to allege a basis for equitable tolling).

Second, Plaintiff stakes his Section 1983 claim on improper sources of substantive law. Plaintiff claims the NYPD violated his rights under the Eight Amendment, was negligent, and intentionally inflicted emotional distress. Compl. at 4. But the Eighth Amendment "was designed to protect those *convicted* of crimes," not those who have *yet to be convicted*. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (emphasis added); U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Plaintiff's allegations exclusively pertain to a pre-conviction time period. Compl. at 5.

Similarly, Section 1983 solely creates a cause of action for violations of federal, not state, law. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of *state* law is not cognizable under § 1983." (emphasis added) (citing *Davis v. Scherer*, 468 U.S. 183, 194-95 (1984)). Because negligence and intentional infliction of emotional distress are governed by state common law, Section 1983 is not available as a means of bringing those claims.

Even assuming Plaintiff intended to allege a Sixth Amendment ineffective assistance of counsel violation pursuant Section 1983, instead of *Bivens*, *see* Compl. at 4, his allegations still fail for the reasons stated above.

## CONCLUSION

Accordingly, Plaintiff's action is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Court denies Plaintiff leave to amend. Although *pro se* plaintiffs should generally be granted at least one opportunity to amend, leave to amend is not required where amendment would be futile. *See Johnson v. N.Y.C. Police Dep't*, 651 F. App'x 58, 61 (2d Cir. 2016) (citations omitted). Here, amendment would be futile because Plaintiff's allegations exceed the relevant statutes of limitations for *Bivens* and Section 1983 claims and fail to establish the state action necessary for both claims. *See, e.g.*, *id.* (denying leave to amend where the plaintiff filed Section 1983 "well after the three-year statute of limitations expired"); *Harrison v. New York*, 95 F. Supp. 3d 293, 305-06 (E.D.N.Y. 2015) ("[L]eave to amend is often futile when a claim is dismissed based on certain substantive grounds, including sovereign immunity, the expiration of the statute of limitations, or the lack of state action requisite for a Section 1983 claim." (citations omitted)).

The Clerk of Court is respectfully directed to enter judgment dismissing this action, mail a copy of the judgment and this Memorandum and Order to Plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge, Jr. v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

        /s/
ORELIA E. MERCHANT
United States District Judge

October 22, 2025
Brooklyn, New York