UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LEROY JOHN,

               Plaintiff,

     -against-

NYPD,

               Defendant.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-3879 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

On July 7, 2025, Plaintiff Leroy John ("Plaintiff") filed this *pro se* civil rights action against Defendant New York City Police Department ("NYPD"). *See generally* Complaint for Violation of Civil Rights, Dkt. 1 ("Complaint" or "Compl."). That same day, Plaintiff also moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See generally* Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. 2 ("IFP Motion" or "IFP Mot.").[1] On October 22, 2025, the Court dismissed Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and granted his request to proceed *in forma pauperis* solely for the limited purpose of dismissing the Complaint. *See generally* Memorandum and Order, Dkt. 8 ("Order"). The Court declined to grant Plaintiff leave to amend due to futility. *Id.* at 7.

Now before the Court is Plaintiff's motion for reconsideration, filed on November 13, 2025. *See generally* Letter from Plaintiff to the Court (Nov. 13, 2025), Dkt. 10 ("Motion" or "Mot."). For the reasons stated below, the Court denies Plaintiff's Motion.

## BACKGROUND

In his Complaint, Plaintiff alleged that in the "summer of 2016" at the NYPD's 83rd Precinct in Brooklyn:

---

[1] Plaintiff is currently incarcerated at Rikers Island. *See* IFP Mot. at 1.

> [W]hile waiting for a police escort at the precin[c]t [I] was told to leave out[side] and wait where [I] have a[n] order [of] protection. I responded[,] ["I] don[']t think [I] should for my saf[e]ty.["] I [r]esponded again, [and] the police pointed a gun at my face, where my order [of] protection was located. [S]peaking in term[s] (for example) if a gun was pointed in your face would you feel safe[?] [W]ith that being said [I] was arrested in the precin[c]t and was now then facing a terrorist charge against the NYPD[.] I took the charge to trial and was found not guilty. Dis[]missed [i]ndictments.

Compl. at 2, 5.

Based on these allegations, Plaintiff asserted claims against the NYPD for violation of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), and 42 U.S.C. § 1983 ("Section 1983").[2] Under Section 1983, Plaintiff alleged that the NYPD violated his Eighth Amendment rights, was negligent, and intentionally inflicted emotional distress. Compl. at 4. Under *Bivens*, Plaintiff contended that the NYPD further violated his Sixth Amendment rights and that he experienced ineffective assistance of counsel. *Id.* Plaintiff requested damages in the amount of "40 Billion Because I am a Trademark or 100 million because of negligence of life or Whats required." *Id.* at 6.

In the Order, this Court dismissed Plaintiff's Complaint for three main reasons. First, the Court determined that the NYPD is not suable under New York City Charter § 396. Order at 3. Second, the Court held that Plaintiff failed to state a claim under *Bivens*. *Id.* at 3-5. The Court's stated reasons were that Plaintiff did not allege any violation by a federal, rather than state, actor; that, even if Plaintiff had alleged action by a federal actor, his stated ground was ineffective assistance of counsel in violation of the Sixth Amendment, and defense counsel does not act under color of law under *Bivens*; and that the events Plaintiff alleged took place approximately nine years

---

[2] As stated in the Order, *see* Order at 2 n.2, Plaintiff was asked in the "Basis for Jurisdiction" portion of his form Complaint whether he was bringing suit under Section 1983, *Bivens*, or both, *see* Compl. at 4. In response, Plaintiff solely checked the box indicating *Bivens*. Compl. at 4. However, below that question, Plaintiff completed additional questions pertaining to both Section 1983 and *Bivens*. *Id.* Construing Plaintiff's Complaint liberally, the Order addressed both. *See* Order at 2 n.2, 3-6.

2

ago, while *Bivens* has a three-year statute of limitations. *Id.* at 3-5. Third, the Court concluded that Plaintiff similarly failed to state a Section 1983 claim. *Id.* at 5-6. The Court's stated reasons were that only violations of federal, rather than state, law are cognizable under Section 1983, such that Plaintiff's claims of negligence and intentional infliction of emotional distress were unavailable; that Plaintiff's other stated grounds, the Eighth and Sixth Amendments, were either inapplicable to the alleged conduct, which took place pre-conviction, or did not establish state action; and that, like *Bivens*, Section 1983 has a three-year statute of limitations. *Id.* at 5-6. Taking these pleading deficiencies as a whole, the Court dismissed the Complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). *Id.* at 7. The Court additionally determined that leave to amend would be futile because both the *Bivens* and Section 1983 claims failed to allege state action and were time-barred. *Id.*

In his Motion, Plaintiff asks the Court "to re-consider [his] claim correctly which should [have] been acknowledge[d] as 'Dismissed Indictments' against the NYPD." Mot. at 1. He adds: "I also wasn't paid for the [d]ays [I] was incarcerated on Rikers Island befor[e] winning the case [I] was charged with. Me mentioning the 8th Amendment and 6th Amendment to sound [p]rofessional [r]eally [d]istracted what my claim was for[.] The claim is 'Dismissed Indictments.'" *Id.* Plaintiff provides no further information and does not specify a procedural basis for his Motion.

## LEGAL STANDARD

To succeed on a motion for reconsideration, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99,

3

104 (2d Cir. 2013)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Nor is it "an opportunity for a [party] to . . . present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Secs. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (quoting *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)), *aff'd sub nom.*, *Tenney v. Credit Suisse First Bos. Corp.*, 05-3430-CV, 05-4759-CV & 05-4760-CV, 2006 WL 1423785 (2d Cir. 2006). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).[3]

## DISCUSSION

Plaintiff raises two main arguments, neither of which meet this Circuit's strict reconsideration standard. First, Plaintiff asserts that his "claim is 'Dismissed Indictments.'" Mot. at 1. But this argument fails to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Metzler*, 970 F.3d at 142 (quoting *Kolel*, 729 F.3d at 104). In fact, Plaintiff's Complaint already included "Dismissed Indictments" as part of his claim. Compl. at 5. The Court thus considered this in the

---

[3] Although Plaintiff failed to identify any procedural basis for his Motion, the Court notes that the "standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom.*, *Lowinger v. Morgan Stanley & Co.*, 841 F.3d 122 (2d Cir. 2016).

first instance and, regardless, it has no bearing on the underlying pleading deficiencies identified in the Order. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). With this argument, Plaintiff essentially seeks to "relitigate an issue that was already decided," which is not permissible on a motion for reconsideration. *Id.*; *see, e.g.*, *Martino v. Miller*, 341 F. Supp. 2d 256, 257 (W.D.N.Y. 2004) (similarly denying a motion to reconsider a decision to dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) where, "in effect, all [the *pro se* plaintiff was] asking [was] for the Court to change its decision and allow him to litigate his claims").

Second, Plaintiff raises that he "wasn't paid for the [d]ays [he] was incarcerated on Rikers Island befor[e] winning the case [he] was charged with." Mot. at 1. As with his first argument, this second argument does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler*, 970 F.3d at 142 (quoting *Kolel*, 729 F.3d at 104). Instead, it improperly raises a new argument that could have been made, but was not made, before judgment. *See Ethridge*, 49 F.4th at 688. This is not a permissible basis for reconsideration. *See, e.g.*, *Randolph v. Agosh*, 9:19-CV-1161 (DNH/TWD), 2020 WL 13801989, at *4 (N.D.N.Y. Feb. 13, 2020) (declining to grant reconsideration of the court's dismissal of certain claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) where the *pro se* plaintiff put forward new arguments in his reconsideration motion). But even if it were a permissible basis for reconsideration, this additional argument fails for the same reasons identified in the Court's Order. *See* Order at 3-6. When liberally construed, it improperly sues the NYPD; it does not establish state action under *Bivens* or Section 1983; it does not allege a

substantive violation of federal law; and it pertains to conduct that took place in excess of the three-year statute of limitations applicable to both *Bivens* and Section 1983. *Id.*

The Court therefore declines to grant the "extraordinary remedy" of reconsideration. *In re Initial Pub. Offering Secs. Litig.*, 399 F. Supp. 2d at 300 (quoting *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d at 614).[4]

## CONCLUSION

Accordingly, the Court denies Plaintiff's Motion. It further directs the Clerk of Court to mail Plaintiff a copy of this order and the docket sheet and to note having done so on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge, Jr. v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

November 19, 2025
Brooklyn, New York

---

[4] The Court additionally notes the untimeliness of Plaintiff's Motion but decides, in its discretion, to overlook this fact. Under Local Rule 6.3, "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Here, the Court entered the Order on October 22, 2025. *See* Order at 7. Any motion for reconsideration was due on November 10, 2025. *See* Local Rule 6.3; Fed. R. Civ. P. 6(a), (d). Plaintiff's Motion was filed on the docket on November 13, 2025, three days late. The Court, however, retains "broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)). Here, Plaintiff is *pro se* and currently incarcerated. *See* IFP Mot. at 1. He mailed his Motion to the Court on November 6, 2025. Mot. at 2. In its discretion, the Court determines that these facts, coupled with the short three-day delay, warrant leniency.